UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


DARIUS RICE                                              PLAINTIFF

VS.                               CIVIL ACTION NO. 3:22CV397TSL-RPM

HAMILTONDAVIS MENTAL HEALTH, INC.                        DEFENDANTS
AND MARIE HAMILTON-ABSTON

ORDER


    Plaintiff Darius Rice has moved pursuant to Federal Rule of
Civil Procedure 4(d)(2) for an award of costs of service of
process and for attorney's fees for preparing and filing the
present motion on account of the alleged refusal of defendants
HamiltonDavis Mental Health, Inc. and Marie Hamilton-Abston to
waive service of process.  Defendants have responded in
opposition to the motion, and the court, having considered the
memoranda of authorities, together with attachments, submitted
by the parties, concludes the motion is well-taken and should be
granted to the extent set forth herein.

    Plaintiff seeks to recover $1,134.20 in costs and
attorney's fees related to serving defendants with process
following their failure to return the requests to waive service
of summons.  This includes $985.80 [3.1 hrs at $318/hr] in
attorney's fees for service of process and for preparing and
filing the present motion; $38.40 for postage/printing of
request for waiver; $50 for service of process on HamiltonDavis;

1

and $60 for service of process on Hamilton-Abston.  Rule 4(d)
provides that "[a]n individual, corporation, or association that
is subject to service under Rule 4(e), (f), or (h) has a duty to
avoid unnecessary expenses of serving the summons.  The
plaintiff may notify such a defendant that an action has been
commenced and request that the defendant waive service of a
summons," and if the defendant "fails, without good cause, to
sign and return a waiver requested by a plaintiff ..., the court
must impose on the defendant: (A) the expenses later incurred in
making service; and (B) the reasonable expenses, including
attorney's fees, of any motion required to collect those service
expenses."  Fed. R. Civ. P. 4(d)(2).  Plaintiff bears "the
burden to show entitlement to costs and fees under" the rule.
Flores v. Sch. Bd. of DeSoto Par., 116 F. App'x 504, 508 (5th
Cir. 2004)

    Here, defendants do not purport to allege or demonstrate
good cause for their failure to sign and return the waivers.
Rather, they first maintain that the motion is due to be denied
because plaintiff "has failed to provide information on when or
where these waivers were sent, what documents were included in
the mailing, and whether [d]efendants actually received the
requests" and thus, has not satisfied his burden to show
entitlement to recovery.  The record in this case belies this
assertion.  The court record shows that on August 11, 2022,

2

plaintiff's attorney docketed a "NOTICE OF A LAWSUIT AND REQUEST
TO WAIVE SERVICE OF A SUMMONS" as to each defendant and
certified that he had sent the waivers on the same day.  The
form advised defendants that the signed waivers should be
returned within 30 days and further advised of the consequences
of failing to return the form, including that they could be
required to pay the expenses for making service.  That alone
would be sufficient to satisfy plaintiff's burden.  In addition,
however, defendants' discovery responses submitted in connection
with their motion to set aside a default judgment previously
entered against them also shows that defendants received the
waivers.  For example, in responses to an interrogatory
specifically asking why they failed to return the waivers of
service, defendants did not deny having received the waivers but
rather implicitly acknowledged receipt, stating that "when the
request for waiver of service was sent on August 11, 2022," they
immediately began efforts to retain counsel to represent them
and in fact first contacted their current counsel about
defending them weeks before they were formally served with
process.

    Defendants further object that even if plaintiff is
entitled to recover expenses of service under Rule 4(d), he is
not entitled to recover the attorney's fees incurred in
connection with serving the complaint but instead may only

recover expenses associated with preparing and filing the motion for costs.  Indeed, "[u]nlike Rule 4(d)(2)(b), which provides for the recovery of 'reasonable expenses, *including attorney's fees*,' [of any motion required to collect service-related expenses], Rule 4(d)(2)(A) provides only for the recovery of expenses [incurred in making service]."  Rick's Cabaret Int'l, Inc. v. Indem. Ins. Corp., No. 11-CV-3716, 2012 WL 208606, at *5 (S.D. Tex. Jan. 24, 2012) (emphasis added) (brackets added). See also Hatch v. Jones, No. 4:18-CV-4146, 2019 WL 6137389, at *7 (S.D. Tex. Oct. 30, 2019), report and recommendation adopted, No. 4:18-CV-04146, 2019 WL 6135119 (S.D. Tex. Nov. 15, 2019) (recognizing that plaintiffs are entitled to recover expenses but not legal fees incurred in making service).

Defendants last argue that because plaintiff failed to make a demand for payment of service expenses before filing the present motion, his request for attorney's fees incurred in connection with the present motion should be denied.  In the one case cited by defendants -- Clean Pro Carpet & Upholstery, Inc. v. Upper Pontalba of Old Metairie Condo. Ass'n, Inc., No. CV 20-1550, 2022 WL 1288721, at *5 (E.D. La. Apr. 29, 2022) -- the court did opine that Rule 4(d)(2) "seem[s] to contemplate" requiring the plaintiff to make a demand for fees prior to filing a motion," id. at 5.  The undersigned, however, is not persuaded that the rule, which does not explicitly require a

4

demand as a prerequisite to recovery of fees, implicitly imposes such a requirement.  .

Based on the foregoing, it is ordered that plaintiff's motion is granted to the extent that defendants shall pay $625.40, which amount includes $477 in legal fees for preparation and filing of the present motion and $148.40 for expenses of service.

SO ORDERED this 10th day of August, 2023.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE