UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DARIUS RICE                                                                                           PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 3:22-CV-397-TSL-RPM

HAMILTONDAVIS MENTAL
HEALTH, INC. et al                                                                            DEFENDANTS

## **SANCTION ORDER**

This matter is before the Court *sua sponte*. On July 24, 2023, the Court entered a Rule 16(a) Initial Order setting this matter for a telephonic case management conference. Doc. [35]. In the order, the parties were directed to submit their confidential settlement memoranda to chambers via email no later than seven days prior to the case management conference. The undersigned conducted a telephonic case management conference as scheduled on August 28, 2023. However, the Court did not receive a copy of Defendant's confidential settlement memorandum prior to the case management conference. During the telephone conference, counsel for Defendant, Lisa Ross, advised the undersigned that she had sent the settlement memorandum the morning of the conference. At the conclusion of the conference, chambers staff searched email inboxes and spam folders but could not locate Ms. Ross' settlement memorandum.[1] Chambers staff emailed Ms. Ross at 11:06 AM on August 28, 2023, directing her to re-submit the confidential settlement memorandum by 1:30 PM that day. Ms. Ross did not submit the memorandum by the deadline.

---

[1] In looking for the settlement memo, chambers staff searched inboxes and spam folders for the chambers email, the undersigned's personal work email, and the courtroom deputy's personal work email; all to no avail.

On August 31, 2023, the Court entered an order to show cause. Doc. [49]. In the order, among other things, the Court directed Ms. Ross to submit to the Court a copy of Defendant's confidential settlement memorandum, which the Court still had not received. The Court further directed Ms. Ross to show cause why she should not be sanctioned for failing to comply with the Court's Order of July 24, 2023, and for failing to respond to the Court's email directive of August 28, 2023.

On September 5, 2023, Ms. Ross sent via email a copy of Defendant's confidential settlement memorandum. In her written response to the show cause order filed on September 6, 2023, Ms. Ross again represented that she sent the confidential settlement memorandum at 8:30 AM on August 28, 2023. Doc. [56]. She indicated that she had used the wrong chambers email address; however, she also indicated sent the settlement memorandum to the undersigned's courtroom deputy. In support of this assertion, she attached an email purporting to show that the settlement memo was sent to the undersigned's courtroom deputy at 8:33 AM on August 28, 2023—the morning of the case management conference. Doc. [56-1].

Based on the foregoing, the Court finds that Ms. Ross sent Defendant's confidential settlement memorandum, at the earliest, on the morning of the scheduled case management conference. Thus, in violation of the Court's Rule 16(a) Initial Order, Defendant's memorandum was not submitted to the Court seven days prior to the case management conference. Accordingly, the settlement memorandum was untimely, and a sanction is deemed appropriate. The Court finds that Plaintiff's counsel should be sanctioned pursuant to Fed. R. Civ. P. 16(f)(1)(C) for failing to obey a Court order. *See Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993) ("district courts wield their various sanction powers at their broad discretion."); *Shipes v.*

*Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993) ("[t]he imposition of sanctions is a matter of discretion for the district court.").

      IT IS THEREFORE ORDERED AND ADJUDGED that Attorney Lisa Ross shall pay to the Clerk of Court on or before **October 17, 2023**, a sanction in the amount of $100.00.

      SO ORDERED AND ADJUDGED, this the 10th day of October 2023.

      /s/ *Robert P. Myers, Jr.*
      ROBERT P. MYERS, JR.
      UNITED STATES MAGISTRATE JUDGE